UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

GARY W. GENDRON, JR.,

        Plaintiff,

        v.                              Case No. 25-CV-1981

U.S. CORRECTIONS PRISONER
TRANSPORT SERVICES LLC,

        Defendant.

---

## SCREENING ORDER

---

Plaintiff Gary W. Gendron, Jr., who is currently incarcerated at Milwaukee Secure Detention Facility and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. On April 6, 2026, Plaintiff paid the full filing fee for this action. This matter comes before the Court to screen the amended complaint.

### SCREENING OF THE AMENDED COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It

must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

**ALLEGATIONS OF THE AMENDED COMPLAINT**

In screening a complaint, the Court accepts the allegations as true and draws all reasonable inferences in the plaintiff's favor. *See Schillinger v. Kiley*, 954 F.3d 990, 994 (7th Cir. 2020) (citation omitted). The Court notes, however, that the allegations in the complaint are just that, allegations; they are Plaintiff's version of the events that have purportedly occurred. With this in mind, the Court will summarize Plaintiff's allegations as presented in the complaint.

On November 13, 2025, at 4:00 a.m., Plaintiff was extradited from the Washington County Jail in Illinois to the Milwaukee Secure Detention Facility in Wisconsin. When Plaintiff was picked up from the Washington County Jail, the officer for U.S. Correction Transport LLC stated

2

in a laughing manner that he hoped Plaintiff had a coat. Plaintiff reports that it was 19 degrees outside. Before the transport left, the officer called his supervisor and advised that the heater in the transport van had stopped working two hours before. The supervisor told the officer to keep driving but he should buy the inmates a sheet if they get cold. About an hour into the trip, the officers stopped and bought the inmates a rug-looking blanket that was too small to wrap around Plaintiff. Plaintiff alleges that it was so cold in the metal box in the transport van that he chipped his teeth from shivering. Plaintiff was cold for the entire transport, which lasted sixteen hours due to stops. Am. Compl. at 2–3, Dkt. No. 15.

### ANALYSIS

"To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). Because Plaintiff is a convicted prisoner, his claim arises under the Eighth Amendment.

"'Cruel and unusual punishment' of individuals convicted of crimes is prohibited by the Eighth Amendment." *Lunsford v. Bennett*, 17 F.3d 1574, 1579 (7th Cir. 1994). Under the Eighth Amendment, "prison officials must take reasonable measures to ensure an inmate's safety." *Christopher v. Buss*, 384 F.3d 879, 882 (7th Cir. 2004) (citing *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). To state a claim premised on prison officials' failure to protect a plaintiff from harm, the plaintiff must allege that "the defendants knew of and disregarded an 'excessive risk' to his 'health and safety.'" *Id*. (citing *Farmer*, 511 U.S. at 837). Courts evaluate the risk an inmate faces on an objective basis; that is, "the allegedly dangerous prison condition must deprive an inmate of

3

the 'minimal civilized measures of life's necessities.'" *Id*. (citing *Farmer*, 511 U.S. at 834). Plaintiff alleges that during the transport, which lasted sixteen hours due to stops, he was exposed to extreme cold without proper clothing. Based on the allegations contained in the complaint, Plaintiff states an Eighth Amendment conditions of confinement claim.

Plaintiff names U.S. Corrections Prisoner Transport Services LLC as the only defendant, presumably because he does not know the names of the officers who transported him to the Milwaukee Secure Detention Facility. Under § 1983, a person is liable only if they caused or are responsible for the constitutional violation. There is no *respondeat superior* under § 1983; in other words, an employer cannot be sued based on the alleged misdeeds of an employee. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). Plaintiff therefore fails to state a claim against U.S. Corrections Prisoner Transport Services LLC.

The Court will terminate U.S. Corrections Prisoner Transport Services LLC as a defendant and will add a John Does placeholder. *See Donald v. Cook Cty. Sheriff's Dep't*, 95 F.3d 548 (7th Cir. 1996). The Court acknowledges that it may be difficult for Plaintiff to identify the names of the Doe Defendants. To assist him, the Court will name Milwaukee Secure Detention Facility Warden Steven R. Johnson as a defendant for the limited purpose of helping Plaintiff identify the Doe Defendants. Because the Milwaukee Secure Detention Facility was the receiving facility, it may have records identifying the officers who transported Plaintiff. If not, it may have the contact information of someone at the transportation company who can assist Plaintiff with identifying the Doe Defendants. The Court thanks Warden Johnson in advance for his efforts to assist Plaintiff.

To be clear, Warden Johnson does not have to respond to the amended complaint. After his lawyer files an appearance in this case, Plaintiff must serve discovery requests on Warden Johnson (by mailing the requests to his lawyer at the address in the notice of appearance) to get

4

information that will help him learn the names of the Doe Defendants.  For example, Plaintiff may serve interrogatories (written questions) under Fed. R. Civ. P. 33 or document requests under Fed. R. Civ. P. 34 seeking information about the names of the transportation officers.  Because Plaintiff does not state a claim against Warden Johnson, the discovery requests must be limited to information or documents that will help him learn the names of the Doe Defendants.  Plaintiff may not ask Warden Johnson about any other topic, and Warden Johnson is under no obligation to respond to requests about any other topic.

After Plaintiff learns the names of the Doe Defendants, he must file a motion to replace the Does placeholder with their names.  The Court will dismiss Warden Johnson as a defendant once Plaintiff identifies the Doe Defendants.  After Defendants have an opportunity to respond to the amended complaint, the Court will set a deadline for discovery.  At that point, Plaintiff may use discovery to get the information he believes he needs to prove his claims.

Plaintiff must identify the names of the Defendants within ninety days of Warden Johnson's lawyer appearing.  If he does not or does not explain why he is unable to do so by the deadline, the Court will dismiss this case based on Plaintiff's failure to comply with the Court's order and to diligently pursue this action.  *See* Civil L.R. 41(c).

**IT IS THEREFORE ORDERED** that Plaintiff fails to state a claim against U.S. Corrections Prisoner Transport Services LLC, so the clerk's office is directed to terminate it from this action.

**IT IS FURTHER ORDERED** that the clerk's office add a John Does placeholder to the caption.

**IT IS FURTHER ORDERED** that, pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Plaintiff's amended complaint and

5

this order are being electronically sent today to the Wisconsin Department of Justice for service on Warden Johnson.

**IT IS FURTHER ORDERED** that Warden Johnson does not have to respond to the amended complaint; however, he must respond to discovery requests as described in this order.

**IT IS FURTHER ORDERED** that Plaintiff must identify the real names of the Doe Defendants within ninety days of Warden Johnson's attorney appearing in the case. If he does not or does not explain why he is unable to identify their real names, the Court will dismiss this case based on his failure to comply with this order and to diligently pursue this action. Civil L.R. 41(c).

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Honorable Byron B. Conway
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 125 S. Jefferson Street, Suite 102
> Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of

6

Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Plaintiff may find useful in prosecuting this case.

Dated at Green Bay, Wisconsin on April 20, 2026.

s/ *Byron B. Conway*
BYRON B. CONWAY
United States District Judge

7